IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREWS FARMS, *et al.*, | CASE NO. CV-F-07-0464 LJO DLB |
| Plaintiffs, | **ORDER ON EADIE AND PAYNE'S MOTION TO DISMISS, MOTION TO STRIKE, and MOTION FOR MORE DEFINITE STATEMENT** (Docs. 39, 42) |
| vs. | |
| CALCOT, LTD., *et al.* | |
| Defendants. | |

## I. INTRODUCTION

Before the Court are two motions filed by Defendant Eadie and Payne, LLP ("Eadie").[1] First, Eadie moves to dismiss Plaintiffs'[2] sixth cause of action for fraud and deceit–intentional misrepresentation of a material fact[3] in the First Amended Complaint ("FAC"), or in the alternative, for a more definite statement. Eadie argues that Plaintiffs' have failed to plead fraud with particularity in violation of Fed. R. Civ. P. 9(b) and Plaintiffs have failed to state a claim for intentional misrepresentation. In the second motion, Eadie moves to strike Plaintiffs' request for punitive damages,

---

[1] The parties alternatively refer to Defendant Eadie and Payne, LLP as "Eadie," "Payne," "Eadie and Payne," "E &P," and/or "the CPA's." For clarity, this Court will refer to Eadie and Payne, LLP as "Eadie."

[2] Plaintiffs Andrews Farms and Greg Palla are collectively referred to as "Plaintiffs."

[3] The sixth cause of action is sometimes referred to as the "intentional misrepresentation claim."

request for attorneys' fees, and references in the FAC alleging that Eadie owed Plaintiffs a fiduciary duty. For the reasons discussed below, this Court denies Eadie's motion to dismiss, denies Eadie's motion to strike Plaintiffs' request for punitive damages, denies Eadie's motion to strike specific language of the FAC, grants Eadie's motion to strike Plaintiffs' request for attorneys' fees, and grants in part Eadie's motion for a more definite statement.

## II. BACKGROUND[4]

Defendant Calcot, Ltd. ("Calcot") is a cotton marketing cooperative owned by cotton producers from California, Arizona, and Texas. Plaintiff Andrews Farms is a California general partnership, a cotton producer located in Merced County, and was a member of Calcot from 1978 through approximately 1985, 1996-1997, 1999-2000, and 2000-2001, and in those years marketed and sold cotton as a member of the cooperative by way of the Calcot Seasonal Marketing Pool ("Seasonal Pool"). Plaintiff Greg Palla, d.b.a. Greg Palla Farming Company ("Greg Palla") is a California sole proprietorship, a cotton producer located in Kern Country, and was a member of Calcot from 1980 to 2003, and in those years marketed and sold cotton as a member of the Calcot Seasonal Pool. Eadie is an accounting firm which, during all times relevant, performed annual audits and independent reviews of Calcot's financial statements.

Plaintiffs allege that pursuant to the Seasonal Marketing Pool marketing agreement between Plaintiffs and Calcot,[5] Calcot agreed to deduct from cotton sale proceeds only the costs and expenses incurred in handling and marketing cotton. Despite this agreement, Calcot mismanaged Plaintiffs' money, did not deal openly and honestly, but secretly and illegally charged Plaintiffs, and others similarly situated, in excess of $23 million in expenses. These expenses are the undisclosed interest carrying costs of the Palm Bluffs real estate development project.

---

[4] The facts are taken from Plaintiffs' first amended complaint ("FAC"). In a motion to dismiss, the Court is "required to presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party." *United States v. LSL Biotechnologies*, 379 F.3d 672, 698 (9th Cir. 2004).

[5] The Seasonal Marketing Pool is the "primary option available for use by Calcot members and wherein Calcot professional staffs make and implement all cotton marketing and sales decisions and action as the agent and fiduciary of the individual member, and where, conversely, the individual member has no say in when and how the price of cotton is fixed for cotton marketed through Calcot." Plaintiffs sold cotton as members of the cooperative through the Calcot Seasonal Marketing Pool from around 1978 through 2003.

Plaintiffs allege that "it would not have been possible for Calcot to successfully make the misrepresentations that form the basis of the FAC without the wrongful conduct of" Eadie. FAC, ¶ 114. During all times relevant, Eadie audited the books of Calcot and represented that "the financial statements of Calcot were in conformity with accounting principles generally accepted in the United States." Eadie also "represented at each annual meeting, at which members and directors were present, that Calcot's financials were good and that [Eadie was] reviewing the financials and all was proper and appropriate." Plaintiffs allege that these representations were false, "and the financial statements, and the audit reports, concealed the fact that interest costs from the Palm Bluffs Development was being irretrievably deducted from plaintiffs' final cotton settlements." Plaintiffs further allege that Eadie was aware of the accounting irregularities and concealment of $23 million, yet "knowingly provided favorable and unqualified Independent Auditors (sic) Reports knowing that such conduct would result in misrepresentations." *See* FAC, ¶¶ 101-120.

Plaintiffs filed their original complaint against Calcot and Eadie on January 31, 2007, asserting eight causes of action against both defendants. On June 8, 2007, this Court granted in part and denied in part Eadie's motion to dismiss and granted Plaintiffs leave to amend their complaint. In the June 8, 2007 order, the Court found that all of the causes of action against Eadie, except for negligent misrepresentation, were subject to dismissal, because "Plaintiff failed to allege the specific role of each defendant" in the fraud cases of action as required under Fed. R. Civ. P. 9(b) (Order of June 8, 2007, 12:9-16). Specifically, Plaintiffs did not distinguish between Calcot and Eadie in their causes of action.

On July 16, 2007, Plaintiffs filed their FAC, alleging the following two causes of action against Eadie and Payne: (1) Fraud & Deceit–Intentional Misrepresentation of Material Fact (FAC, ¶¶ 97-120); and (2) Negligent Misrepresentation (FAC, ¶¶ 121-132). In this motion, filed on August 15, 2007, Eadie seeks to dismiss the intentional misrepresentation claim only. As described above, Eadie also moves to strike certain prayers for relief and specific language in the FAC. Plaintiffs filed an opposition to these motions on September 18, 2007. Eadie filed its reply on September 28, 2007. The Court vacated the hearing on October 1, 2007 pursuant to Local Rule 78-230(h) and issues the following order.

///

### III. ARGUMENTS

In support of its motion to dismiss, Eadie argues that Plaintiffs have failed to allege fraud with particularity as required by Fed. R. Civ. P. 9(b) and have failed to state a claim for intentional misrepresentation against Eadie. Eadie argues that it does not owe a duty to third parties for their annual reports and the Plaintiffs have not pleaded the elements of intentional misrepresentation.

In its motion to strike, Eadie moves to strike Plaintiffs' request for punitive damages, attorneys' fees, and certain language in the FAC related to a fiduciary duty. Eadie argues that Plaintiffs' request for punitive damages should be stricken, because Plaintiffs' cannot maintain the cause of action for intentional misrepresentation. Eadie argues that Plaintiffs' request for attorneys' fees should be stricken, because no statutory or contractual authority exists for such an award. Finally, Eadie argues Plaintiffs' use of the vague word "defendants," ambiguously describing both Calcot and Eadie, should be stricken in certain paragraphs related to fiduciary duty, because Eadie does not owe Plaintiffs a fiduciary duty.

In opposition to the motion to dismiss, Plaintiffs contend that they have pleaded fraud with particularity against Eadie in the FAC, accountants owe a duty of care to shareholders of a corporation for intentional fraud, and the FAC contains allegations for each element of the fraud cause of action.

In opposition to the motion to strike, Plaintiffs argue that the request for attorneys' fees and punitive damages should remain. Plaintiffs assert that a request of punitive damages is appropriate since the intentional misrepresentation cause of action is pleaded properly. Plaintiffs request this Court use its equitable power to award attorneys' fees in the interest of justice. Plaintiffs do not address the motion to strike the specific language identified by Eadie.

### IV. ANALYSIS

**A.    Motion to Dismiss**

    **1.    Standard of Review**

Fed. R. Civ. P. 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969); *Hospital Bldg. Co. v. Trustees of*

*Rex Hospital*, 425 U.S. 738, 740 (1976). Although courts assume the facts alleged as true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

### 2. Fraud and Deceit–Intentional Misrepresentation of Material Fact

Plaintiffs allege a cause of action for Fraud and Deceit–Intentional Misrepresentation of Material Fact against Eadie. The elements of intentional misrepresentation are: "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.*" Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1474 (1997). Eadie argues that Plaintiffs have failed to plead this cause of action with particularity and the allegations in the FAC do not support a claim of intentional fraud.

#### a. Pleading with Particularity

Fed. R. Civ. P. 9(b) requires "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." The heightened pleading standard for the circumstances constituting fraud requires a pleader "to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). The policy behind Rule 9(b) is to give defendants notice of the specific conduct against which they must defend and to prohibit plaintiffs from imposing upon the court and the parties enormous costs absent some factual basis. *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).

Eadie contends that "Plaintiffs never state who from Eadie and Payne made the representations, when said representations were made, and what said representations specifically entailed. As stated above, that lack of answering the 'who, what, when and where' is a critical failure of the fraud claim." Plaintiffs counter that Eadie's argument:

> cannot conceal the fact that the FAC alleges that [Eadie] (who); intentionally made false representations in financial statements audit reports which concealed from Plaintiffs the fact that interest costs for the Palm Bluffs Development was being irretrievably deducted from the Plaintiffs' final cotton settlements (what); that such misrepresentations were made from 1983 onwards, and specifically in the audit opinion dated September 25, 2000, entitled Independent Auditors' Report, and attached as exhibit B to the FAC (when); and that such misrepresentations were made in financial statements such as the

5

>Independent Auditors (sic) Report and at each annual meeting where [Eadie] gave a presentation to Calcot members (where).

Although Plaintiffs have not identified the specific persons within Eadie who are responsible for the allegations, Plaintiffs have sufficiently identified the parties with enough clarity to satisfy Fed. R. Civ. P. 9(b). Here, the allegations made against Eadie and Calcot are separate and distinguishable and the misrepresentations have been pleaded with particularity. Moreover, "[i]n cases of corporate fraud where the false or misleading information is conveyed in...annual reports...it is reasonable to presume that these are the collective actions of the officers." *Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1440 (9th Cir. 1987), *superceded on other grounds as stated in In re Apple Computer, Inc.*, 243 F.Supp. 2d 1012 (N.D. Cal. 2002) 818 F.2d 1440. "Under such circumstances, a plaintiff fulfills the particularity requirement of Rule 9(b) by pleading the misrepresentations with particularity and where possible the roles of the individual defendants in the misrepresentations." *Id.* Plaintiffs alleged that "[t]he names and identities of such individuals are known to [Eadie] and plaintiffs will obtain all such names in discovery. Plaintiffs further allege, on information and belief, that the senior management of [Eadie] was aware, directed, approved and/or ratified the wrongful conduct herein alleged." FAC, ¶112.

As Plaintiffs succinctly described, the FAC describes with particularity the time, place and manner of the fraudulent acts alleged against Eadie. *See* FAC, ¶¶ 101-120. Statements of the time, place, and nature of the alleged fraudulent activities are sufficient for purposes of Fed. R. Civ. P. 9(b). *Bosse v. Crowell Collier & Macmillan*, 565 F.2d 602, 611 (9th Cir. 1977). Moreover, pleading is sufficient under Fed. R. Civ. P. 9(b) if it identifies "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Wool*, 818 F.2d 1433, 1440. Eadie can prepare an adequate answer from the allegations contained in the FAC, as described more fully below. Thus, the FAC satisfies Fed. R. Civ. P. 9(b).

### b. No Failure to State a Claim

Eadie argues that Plaintiffs failed to state a claim for intentional fraud because: (1) Eadie can not be held liable for intentional fraud by third parties; and (2) Plaintiffs have not pleaded sufficiently the scienter and/or intent of Eadie. Plaintiffs contend that: (1) as the accountancy firm of Calcot, Eadie may be held liable to foreseeable third parties for intentional fraud; and (2) they have pleaded sufficiently

each element of the cause of action.

### 1. Third party liability and intentional fraud

Eadie argues it cannot be held liable for fraud against Plaintiffs, because it never made any promises to Plaintiffs. Eadie relies on *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370 (1992) for its assertion that an auditor retained to conduct an annual audit and to furnish an opinion for no particular purpose generally undertakes no duty to third parties. While Eadie correctly states the general rule, Plaintiffs point out the applicable exceptions. In *Bily*, 3 Cal. 4th 370, 376, the California Supreme Court ruled that:

> an auditor owes no general duty of care regarding the conduct of an audit to persons other than the client. An auditor may, however, be held liable for negligent misrepresentations in an audit report to those persons who act in reliance upon those misrepresentations in a transaction which the auditor intended to influence in accordance with the...Restatement Second of Torts.... **Finally, an auditor may also be held liable to reasonably foreseeable third persons for intentional fraud in the preparation and dissemination of an audit report.** (emphasis added)

Plaintiffs' cause of action against Eadie for intentional misrepresentation falls within the exception to the general rule, as stated in *Bily*. Eadie was an auditor who prepared and disseminated an audit report for Calcot. As such, it may be held liable for intentional fraud by a "particular class of persons to which plaintiff belongs, whom defendant intended or reasonably should have foreseen would rely upon the representation." *Bily, supra*, at 416. Plaintiffs, member-growers of Calcot, belong to a reasonably foreseeable class of persons who relied on the annual audit report prepared and disseminated by Eadie to continue engaging in business with Calcot. (See Order of June 8, 2007). Hence, Plaintiffs may bring the intentional misrepresentation claim against Eadie even if they were not Eadie's direct client.

### 2. Intent to Deceive and Scienter

Plaintiffs alleged that Eadie "made the misrepresentations with the intent to deceive and/or gross and reckless disregard for the truth." FAC, ¶ 117. Plaintiffs further alleged that Plaintiffs were aware of the accounting regularities and knowingly provided favorable and unqualified audit reports to allow the concealment to continue. Plaintiffs contend that "deviations from accounting practices support an inference of an accountant's intent to deceive," and Eadie continued the concealment for financial gain. Eadie argues that Plaintiffs' allegations of intent are conclusory and not pleaded sufficiently.

Pursuant to Fed. R. Civ. P. 9(b), while the circumstances constituting fraud must be stated with particularity, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Consistent with Fed. R. Civ. P. 9(b), the "state of mind–or scienter–of the defendants may be alleged generally." *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (citing *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1547 (9th Cir. 1994) (en banc) ("We conclude that plaintiffs may aver scienter generally, just as the rule states–that is, simply by saying that scienter existed"). As stated above, Plaintiffs have generally alleged both the scienter and intent to deceive elements of the intentional misrepresentation cause of action. See FAC, ¶¶117, 118. These general allegations of intent and scienter are sufficient under Fed. R. Civ. P. 9(b).

### 3.     Claim Pleaded Sufficiently

The FAC is not made up of "mere conclusory allegations of fraud." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Plaintiffs have pleaded each element of the intentional misrepresentation claim, which are: (1) misrepresentation, (2) scienter, (3) intent to deceive, (4) justifiable reliance, and (5) damages. *Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1474 (1997). Plaintiffs allege that the misrepresentation was the audit report which falsely concealed the interest costs. The scienter and intent elements, as discussed above, have been generally pleaded. Plaintiffs allege that they justifiably relied on the audit report, and because they were not properly informed, they were unable to take action to prevent the charges, were overcharged by at least $23 million in interest costs, and were unable to make an informed decision regarding the marketing of their cotton. FAC, ¶¶ 53, 56, 67, 61, 104. Accordingly, Eadie's motion to dismiss is denied.

**C.     Motion to Strike**

### 1.     Standard of Review

Pursuant to Fed. R. Civ. P. 12(f), the Court may order stricken from the pleadings "any redundant, immaterial, impertinent or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). A motion to strike may be used to strike the prayer for relief where the damages sought are not recoverable as a matter of law. *Wilkerson v. Butler,* 229 F.R.D. 166, 172 (E.D. Cal. 2005) (citing

8

2 Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Fed. Civil Procedure Before Trial* (2005)).

### 2. Punitive Damages

Eadie moved to strike Plaintiffs' request for punitive damages. Eadie recognizes that under federal law, Plaintiffs are required to generally plead facts which would support a claim for oppression, fraud or malice in order to recover punitive damages. *Decker v. Glenfed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1547 (9th Cir. 1994). Because this Court finds that fraud was pleaded in the FAC sufficiently, as discussed above, Eadie's motion to strike Plaintiffs' request for punitive damages is denied.

### 3. Attorney's Fees

The American Rule, long recognized in California, is that attorneys' fees are generally not taxable as costs against a losing party. *Young v. Redman*, 55 Cal. App.3d 827, 834-35 (1976). Attorneys fees may be awarded when there is a written agreement between the parties containing an express provision authorizing such an award. *Robinson & Wilson, Inc. v Stone*, 35 Cal.App.3d 396, 413 (1973). Attorneys fees may also be awarded is authorized by statute. Cal. Code Civ. P. §1021.

Eadie argues that Plaintiffs' request for attorneys fees against Eadie in Sections I and J of the FAC should be stricken, because there is no statutory or contractual provision expressly authorizing such an award in this case. Plaintiffs do not allege a statutory or contractual provision upon which they request attorneys' fees. Rather, Plaintiffs ask this court to use its "equitable power, in the absence of legislation, to award attorneys' fees in the interest of justice." *Brandenburger v. Thompson*, 494 F.2d 885, 888 (9th Cir. 1974). Federal courts may exercise this power whenever "overriding considerations indicate the need for such a recovery." *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-92 (1970). However, Plaintiffs have not indicated what "overriding considerations exist" for this Court to award attorneys' fees "in the interest of justice." Because no contractual or statutory provisions exist for an award of attorneys' fees, and no overriding considerations are indicated, Eadie's motion to strike the Plaintiffs' request for an award of attorneys' fees in Sections I and J of the FAC against Eadie is granted.

### 4. Specific Language

Eadie requests that all references in the FAC alleging that Eadie owed a fiduciary duty to

9

Plaintiffs should be stricken. These allegations appear in paragraphs 32, 33, and 39 of the FAC. The language in question does not name Eadie specifically. Rather, Eadie seeks to strike the sentences in which Plaintiffs use of the word "defendants," because Plaintiffs "refer interchangeably to 'defendant,' "defendants" and in each instance intend a reference to defendants, and each of them." FAC, p.5, n.4. Eadie argues that since Plaintiffs do not name Eadie in the breach of fiduciary duty cause of action, all allegations which states that "defendants" or Eadie are fiduciaries of Plaintiffs should be stricken.

Eadie has not argued that the language in question is redundant, immaterial, impertinent, or scandalous. Although Plaintiffs do not meaningfully oppose the motion to strike the specific language, Eadie has not established why this Court should grant this motion according to the law. Accordingly, Eadie's motion to strike the specific language is denied.

**D.     Motion for More Definite Statement**

Eadie requested a more definite statement regarding fraud and deceit allegedly committed by Eadie. A motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) is appropriate when the "the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Delta Educationm, Inc. v. Langlois*, 719 F.Supp. 42, 50 (D. N.H. 1989) (quoting Charles A Wright & Arthur R. Miller, *Federal Practice and Procedure*, §1376 (5th ed.).

While the majority of fraud and deceit allegations are clear in the FAC, Plaintiffs' use of the word "defendants" in paragraphs 32, 33, and 39 is too ambiguous and is not consistent with heightened pleading standard under Fed. R. Civ. P. 9 (b), as discussed *supra*. Eadie would not be able to respond to the allegations of those paragraphs, as they relate to a fiduciary duty, without prejudicing itself. Further, it is unclear whether the allegations relate to Calcot or Eadie, or both. Therefore, Eadie's motion for a more definite statement is granted in part, specifically for paragraphs 32, 33, and 39.

### V. CONCLUSION

For the foregoing reasons, this Court:

1.     DENIES Eadie's motion to dismiss;

2.     DENIES Eadie's motion to strike punitive damages;

3.     GRANTS Eadie's motion to strike Plaintiffs' request for attorneys' fees in

1 | Sections I and J of the FAC against Eadie only;
2 | 4   DENIES Eadie's motion to strike the specific language;
3 | 5.  GRANTS in part Eadie's motion for a more definite statement; and
4 | 6.  ORDERS Plaintiffs to submit an amended pleading with a more definite statement of
5 | paragraphs 32, 33, and 39 and without the request for attorneys' fees against Eadie in
6 | Sections I and J of the FAC by October 25, 2007.

IT IS SO ORDERED.

**Dated:   October 9, 2007**               /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE