IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREWS FARMS and GREG PALLA, a sole proprietor doing business as Greg Palla Farming Company, | CASE NO. CV-F-07-0464 LJO SKO |
| Plaintiffs, | **ORDER TO SHOW CAUSE** |
| vs. | |
| CALCOT, LTD., EADIE AND PAYNE, LLP, and ROBERT W. NORRIS, | |
| Defendants. / | |

In a May 28, 2010 Order on Defendants' Motion to Amend Class Certification ("May 28 Order"), the Court ruled:

> This Court agrees that an irreconcilable conflict of interest exists between former board members and non-board members. Plaintiffs' claims that Calcot's real estate activities were unauthorized creates a conflict of interest between former board members–who authorized the real estate activities–and non-board members. Accordingly, this Court grants Calcot's motion to amend the class definition and to clarify that the "managing agents and officers" exclusion specifically excludes former board members. *See, e.g., Radell v. Towers Perrin*, 172 F.R.D. 317, 320-21 (N.D. Ill. 1997) (holding that former board member is an inappropriate class representative where a breach of fiduciary duty is involved, and plaintiffs challenge the actions of the board).

May 28 Order, p. 12. In addition, this Court found that class certification was defeated for the subclass of former board members because the subclass of former board members also lacks commonality and typicality with non-board members. *Id*. at 13-15. Accordingly, the Court certified the following class definition:

> All persons or entities who, as of May 21, 2009, were former members of Calcot who marketed their cotton with Calcot in the Seasonal Pool at any time between January 1, 1983 up to and including August 31, 2004 (the "Class Period"). Specifically excluded from this definition are: (1) any person who served as a member of Calcot's Board of Directors and/or served as an officer of Calcot at any time during the Class Period; (2) any persons or entities who as of May 21, 2009, were then presently marketing or selling their cotton or other products with Calcot; and (3) any persons or entities who fall within this definition but since May 21, 2009, have rejoined Calcot to market or sell their cotton or other products with Calcot.

May 28 Order, p. 16. In addition, the Court ordered:

> Plaintiffs to file and serve, no later than June 9, 2010, a motion to add the former board members as a subclass, if any. Such motion must be accompanied by points and authorities and shall be set for hearing according to this Court's local rules. Plaintiffs are under no obligation to file the motion, and the parties may proceed with class definition certified in this order.

*Id*. Plaintiffs filed no motion on or before June 9, 2010.

On July 14, 2010, defendant Eadie & Payne, LLP ("Eadie") filed the instant motion to decertify the class. Eadie submits that plaintiffs' counsel are inadequate, and should be disqualified from representing plaintiffs, because they currently represent both Mr. Palla and the remainder of the class–clients who are in a direct conflict of interest.

### ORDER FOR PLAINTIFFS TO SHOW CAUSE

Named plaintiff Greg Palla, doing business as Greg Palla Farming Company ("Mr. Palla") is a former board member. This Court's May 28 Order excluded former board members from the class definition. Plaintiffs failed to file a motion to propose a subclass of former board members on or before June 9, 2010. As the May 28, 2010 Order stated: "Plaintiffs [were] under no obligation to file the motion, and the parties may proceed with class definition certified in this order." Because no motion was filed, the class is defined as:

> All persons or entities who, as of May 21, 2009, were former members of Calcot who marketed their cotton with Calcot in the Seasonal Pool at any time between January 1, 1983 up to and including August 31, 2004 (the "Class Period"). Specifically excluded from this definition are: (1) any person who served as a member of Calcot's Board of Directors and/or served as an officer of Calcot at any time during the Class Period; (2) any persons or entities who as of May 21, 2009, were then presently marketing or selling their cotton or other products with Calcot; and (3) any persons or entities who fall within this definition but since May 21, 2009, have rejoined Calcot to market or sell their cotton or other products with Calcot.

As a former board member, Mr. Palla does not fall within this class definition. Accordingly, this Court ORDERS plaintiffs to show cause why this Court should not terminate Mr. Palla as a plaintiff in this

action.  **Plaintiffs are ordered to show cause in writing, no later than July 22, 2010, why this Court should not terminate Mr. Palla from this action.  This Court shall discharge this show cause order if, before July 22, 2010, plaintiffs file appropriate dismissal papers to dismiss Mr. Palla.**

### ORDER FOR EADIE & PAYNE TO SHOW CAUSE

Former board members are excluded from the class definition.  As set forth above, the May 28 Order unequivocally ruled that former board members were excluded from the class definition, but allowed plaintiffs to propose the creation of a subclass of former board members by June 9, 2010.  Plaintiffs waived their opportunity to propose a subclass of former board members in choosing not to file the motion by June 9, 2010.  In addition, the decision not to file the motion indicates plaintiffs' acceptance of the class definition set forth in the May 28 Order–a class definition that excludes Mr. Palla.  Above, this Court ordered plaintiffs to show cause why this Court should not terminate Mr. Palla as a plaintiff in this action.  Because this Court finds that Mr. Palla is no longer a party to this action, this Court ORDERS Eadie to show cause why this Court should not dismiss as moot the pending motion to decertify the class.  **Eadie is ordered to show cause in writing, no later than July 22, 2010, why this Court should not dismiss as moot the pending motion to decertify the class based on the above facts.  This Court shall discharge this show cause order if, before July 22, 2010, Eadie files appropriate papers to establish that: (1) Mr. Palla continues to be a party in this action; and (2) plaintiffs' counsel continues to represent Mr. Palla and his interests in this action.**

IT IS SO ORDERED.

**Dated:   July 16, 2010**              /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE