IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREWS FARMS, et al., | CASE NO. CV-F-07-0464 LJO DLB |
| Plaintiffs, | **ORDER ON DEFENDANTS' MOTIONS TO DECERTIFY CLASS (Docs. 266, 279)** |
| vs. | |
| CALCOT, LTD., ROBERT NORRIS, and EADIE AND PAYNE, | |
| Defendants. | |

### INTRODUCTION

Defendants Calcot, Ltd. and Robert W. Norris (collectively "Calcot") and Eadie and Payne ("Eadie") (collectively "defendants") separately move to decertify the class based on the alleged inadequacy of class counsel. Defendants argue that class counsel is inadequate because counsel represents a client who has an "irreconcilable conflict" with the members of the certified class; to wit, former named plaintiff Greg Palla ("Mr. Palla"). Defendants contend that this conflict establishes that class counsel is inadequate to protect the interests of the class, and no longer satisfies the Fed. R. Civ. P. 23(a)(4) adequacy of representation class certification requirement. In opposition, class counsel points out that he no longer represents Mr. Palla, who has been dismissed from this action. In addition, class counsel submits a declaration from Mr. Palla in which Mr. Palla consents to the use of any confidential information to be used for the benefit of the class. Finally, class counsel submits that he has no conflict of interest, and will represent the best interests of the class adequately and vigorously. Having considered the parties arguments and applicable law, and for the following reasons, this Court DENIES defendants' motions to decertify the class.

1

**PERTINENT PROCEDURAL BACKGROUND**

Plaintiff Andrews Farms and Mr. Palla initially moved to certify a class action on March 3, 2009. On May 1, 2009, this Court denied without prejudice plaintiffs' motion. Order on Plaintiffs' Class Certification Motion ("Class Cert. Order"), finding that a "conflict of interest exists between the interests of the class representatives–both former Calcot members–and the interests of current and future Calcot members." *Id.* at 13. The Court found that because "of this inherent conflict of interest, the class representatives cannot represent adequately the interests of current and future Calcot members." *Id.* The Court found that in this context, "the proper solution is to create subclasses of persons whose interests are in accord." *Id.* at 14 (quoting *Payne v. Travenol Labs., Inc.*, 673 F.2d 798, 812 (5th Cir. 1982)). The Court ordered plaintiffs either to renew the motion for class certification or to file a statement that plaintiffs no longer desired to pursue class certification. *Id.* at 15.

Plaintiffs renewed the motion on May 21, 2009 and filed an amended renewed class certification motion on May 29, 2009. Defendants opposed plaintiffs' amended renewed class certification motion, and Calcot moved for summary judgment. After extensive briefing this Court issued its Order on Plaintiffs' Renewed Class Certification Motion and Defendants' Motion for Summary Judgment ("Renewed Class Cert. Order") on August 5, 2009. In its Renewed Class Cert. Order, this Court denied Calcot's summary judgment motion and granted plaintiffs' renewed class certification motion. The Renewed Class Cert. Order certified the class proposed by plaintiffs, which excluded current and future members of Calcot and included only past Calcot members who marketed their cotton in the seasonal pool from January 1, 1983 through May 21, 2009. In addition, the class definition included two specific exclusions. First, "persons or entities who, as of May 21, 2009, were then presently marketing their cotton with Calcot" were specifically excluded. Second, "present and former managing officers and agents" were excluded.

Eight months later, the parties continued to disagree about the meaning of the certified class definition, and continued to discuss threshold issues of class definition. Calcot moved to alter or amend the certified class, raising a number of issues. Among other things, Calcot argued that Mr. Palla is an inadequate representative, because his interests–and the interests of all former board members–conflict with the non-board member class members. In a May 28, 2010 Order on Defendants' Motion to Amend

2

Class Certification ("Amended Class Cert. Order"), the Court ruled:

> This Court agrees that an irreconcilable conflict of interest exists between former board members and non-board members. Plaintiffs' claims that Calcot's real estate activities were unauthorized creates a conflict of interest between former board members–who authorized the real estate activities–and non-board members. Accordingly, this Court grants Calcot's motion to amend the class definition and to clarify that the "managing agents and officers" exclusion specifically excludes former board members. *See, e.g., Radell v. Towers Perrin*, 172 F.R.D. 317, 320-21 (N.D. Ill. 1997) (holding that former board member is an inappropriate class representative where a breach of fiduciary duty is involved, and plaintiffs challenge the actions of the board).

Amended Class Cert. Order, p. 12. In addition, this Court found that class certification was defeated for the subclass of former board members because the subclass of former board members also lacks commonality and typicality with non-board members. *Id*. at 13-15. Accordingly, the Court certified the following class definition:

> All persons or entities who, as of May 21, 2009, were former members of Calcot who marketed their cotton with Calcot in the Seasonal Pool at any time between January 1, 1983 up to and including August 31, 2004 (the "Class Period"). Specifically excluded from this definition are: (1) any person who served as a member of Calcot's Board of Directors and/or served as an officer of Calcot at any time during the Class Period; (2) any persons or entities who as of May 21, 2009, were then presently marketing or selling their cotton or other products with Calcot; and (3) any persons or entities who fall within this definition but since May 21, 2009, have rejoined Calcot to market or sell their cotton or other products with Calcot.

Amended Class Cert. Order, p. 16. In addition, the Court ordered:

> Plaintiffs to file and serve, no later than June 9, 2010, a motion to add the former board members as a subclass, if any. Such motion must be accompanied by points and authorities and shall be set for hearing according to this Court's local rules. Plaintiffs are under no obligation to file the motion, and the parties may proceed with class definition certified in this order.

*Id*. Plaintiffs filed no motion on or before June 9, 2010.

On July 14, 2010, Eadie filed the instant motion to decertify the class. Eadie submitted that plaintiffs' counsel represents both Mr. Palla and the remainder of the class–clients who have a direct conflict of interest. This Court ordered plaintiffs to show cause why this Court should not terminate Mr. Palla from this action, because as a former board member, he no longer falls within the class definition. The Court further ordered defendants to show cause why the dismissal of Mr. Palla would not render moot Eadie's motion to decertify.

The parties stipulated to dismiss Mr. Palla from this action on July 22, 2010. In addition, Eadie responded to this Court's order to show cause, arguing that the motion to decertify has merit

3

1 notwithstanding Mr. Palla's dismissal. Having considered Eadie's response, and the stipulated
2 dismissal, this Court discharged the show cause orders and ordered the parties to continue briefing the
3 pending motion to decertify the class. Calcot filed a separate motion to decertify the class, erroneously
4 styled as a motion for permanent injunction, on July 26, 2010.

5 Plaintiffs opposed Calcot's and Eadie's motions to decertify on August 10, 2010. Defendants
6 filed separate replies on August 16, 2010. This Court found this motion suitable for a decision without
7 a hearing and vacated the August 23, 2010 hearing pursuant to Local Rule 230(g). Having considered
8 the parties arguments, this Court issues the following order.

## ANALYSIS & DISCUSSION

### Standard of Review

11 Defendants move to decertify the class as certified in this Court's Amended Class Cert. Order.
12 In their motions, and in their reply briefs, defendants assert repeatedly that this is a motion for class
13 certification. Defendants explicitly state that they are *not* moving to disqualify class counsel, and each
14 defendant offers that the current class counsel could continue to represent plaintiff Andrews Farms
15 individually in this action. In their replies, each defendant faults plaintiff for relying on case law related
16 to disqualification of counsel in the opposition, and reiterates that this is a motion to decertify governed
17 by Fed. R. Civ. P. 23. Confusingly, defendants' arguments also rely on case law related to
18 disqualification, generally and in the class action context, and argue that class counsel's alleged dual
19 representation requires automatic disqualification. Because defendants emphasize that they move to
20 decertify the class–and not to disqualify class counsel–this Court will consider the motion under the Fed.
21 R. Civ. P. 23 standards related to adequacy of representation, and will not consider defendants'
22 arguments related to disqualification.

23 "An order than grants or denies class certification may be altered or amended before final
24 judgment." Fed. R. Civ. P. 23(c)(1)(C). This Court retains broad authority to modify or withdraw
25 certification at any time where it appears the class definition is inappropriate or inadequate. *Armstrong
26 v. Davis,* 275 F.3d 849, 871 (9th Cir. 2001). "Even after a certification order is entered, the judge
27 remains free to modify it in light of subsequent developments in the litigation. For such an order,
28 particularly during the period before any notice is sent to members of the class, 'is inherently tentative.'

4

[citations]. This flexibility enhances the usefulness of the class action device; actual, not presumed, conformance with Rule 23(a) remains, however, indispensable." *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982).

A class for the violations alleged in the complaint must satisfy Fed. R. Civ. P. 23. *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010). The burden is on the party seeking to maintain the class action to establish a prima facie showing of each of the elements of Fed. R. Civ. P. 23 (a) prerequisites and the appropriate Rule 23(b) ground for a class action. Fed. R. Civ. P. 23(b). Pursuant to Rule 23(a), all class actions must meet four prerequisites: (1) the impracticability of joining all members ("numerosity"); (2) the existence of common questions of law or fact ("commonality"); (3) typicality of the claims and defenses of the parties with respect to the proposed class ("typicality"); and (4) adequate representation of the proposed class by the parties before the Court ("adequacy of representation"). Fed. R. Civ. P. 23(a); *Stanton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003). In addition, the Court must find that at least one Rule 23(b) conditions are satisfied.

Before certifying a class, the Court must conduct a "rigorous analysis" to ensure that the four requirements of Fed. R. Civ. P. 23(a) are met and that the class fits within one of the three categories of Rule 23(b). *Falcon*, 457 U.S. at 161. Plaintiffs can meet this burden by "providing the Court with a sufficient basis for forming a 'reasonable judgment' on each requirement." *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir.1975), *cert. denied*, 429 U.S. 816 (1976). The movant's burden is to produce evidence by affidavits, documents or testimony establishing each Fed. R. Civ. P. 23 requirement. A class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied. *Falcon*, 457 U.S. at 161; *see also, In re Initial Public Offering Secur. Litig.*, 471 F.3d 24, 33 (2nd Cir. 2006) (Fed. R. Civ. P. 23 requirements must be met, not just supported by "some evidence.").

**Adequacy of Representation**

Defendants argue that class certification fails, because the proposed class no longer has adequate representation pursuant to Fed. R. Civ. P. 23(a)(4). The adequacy of representation requirement has two elements. First, the person representing the class must be able "fairly and adequately to protect the interests" of all members in the class. Fed. R. Civ. P. 23(a)(4). "This factor requires: (1) that the

proposed representative Plaintiffs do not have conflicts of interest with the proposed class, and (2) that Plaintiffs are represented by qualified and competent counsel." *Dukes*, 603 F.3d at 614. To satisfy this requirement, a class representative must not be antagonistic or have conflicts of interest with other potential class members. *Amchen Products, Inc. v. Windsor*, 521 U.S. 591, 626 (1997). In addition, class counsel must be qualified, experienced, and generally able to conduct the class action litigation. *Id.*

Fed. R. Civ. P. 23(g) provides further guidance on the appointment and adequacy of class counsel. Pursuant to Fed. R. Civ. P. 23(g)(4), "[c]lass counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1) requires this Court to appoint class counsel under the following conditions, in pertinent part:

> [T]he court:
> (A) must consider:
>   (i) the work counsel has done in identifying or investigating potential claims in the action;
>   (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>   (iii) counsel's knowledge of the applicable law; and
>   (iv) the resources that counsel will commit to representing the class;
> (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

"When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4)." Fed. R. Civ. P. 23(g)(2).

### Fed. R. Civ. P. (g)(1) considerations

With respect to the Fed. R. Civ. P. 23(g)(1)(A)(ii)-(iv) considerations, this Court has ruled that class counsel had sufficient experience in handling class actions, knowledge of the applicable law, and resources to commit to the representation of the class. Defendants do not question class counsel's qualifications in this regard. In addition, class counsel submits declarations in opposition to these motions to re-establish these qualifications. Accordingly, this Court finds that class counsel satisfies those provisions.

Pursuant to Fed. R. Civ. P. 23(g)(1)(A)(i), this Court must consider "the work counsel has done in identifying or investigating potential claims in the action." Defendants argue that class counsel has failed to assert a claim or claims against Calcot's board of directors because of the interest that class counsel has in protecting Mr. Palla, a former Calcot director, and former class counsel client.

1  Defendants contend that plaintiff's failure to assert a claim against Mr. Palla, or other members of
2  Calcot's board of directors, demonstrates that class counsel is inadequate, and has failed to represent the
3  best interests of the class.  In opposition, class counsel points out that defendants fail to address what
4  claims the class could bring against Calcot's board of directors.  In addition, class counsel explains that
5  he considers a claim against the board of directors to be non-viable.  Class counsel asserts that under
6  California law, absent a derivative action, only a corporation may sue for a breach of duty by directors,
7  subject to the statutory immunity that a director has for reliance on the corporation and its officers and
8  professionals.  Class counsel establishes that the class asserts direct claims in this action, and does not
9  pursue a derivative suit.  Class counsel concludes that the failure to assert claims against Calcot's board
10 of directors does not establish that counsel is inadequate or has failed to protect the best interests of the
11 class.

12 The Court finds that class counsel's explanation and decision not to pursue unidentified claims
13 against Calcot's board of directors to be part of a considered legal strategy.  Defendants have failed to
14 establish that class counsel's work to identify or investigate potential claims in this action has been
15 inadequate.  "The fact that counsel have not tried to press claims against [the defendant] which they
16 believe (and justifiably so) are unsuitable for class treatment does not make them inadequate." *Sullivan*
17 *v. Chase Inv. Services of Boston, Inc.*, 79 F.R.D. 246, 258 (C.D. Cal. 1978).  Accordingly, this Court
18 finds class counsel to be adequate under the Fed. R. Civ. P. 23(g)(1)(A) considerations.

19 **Fed. R. Civ. P. 23(g)(4)**

20 Next, the Court considers whether class counsel can represent the interests of the class fairly and
21 adequately, as required by Fed. R. Civ. P. 23(a)(4) and Fed. R. Civ. P. 23(g)(4).  Defendants contend that
22 because class counsel simultaneously represented the class and Mr. Palla, whom this Court found to have
23 an irreconcilable conflict with the class, class counsel has a conflict of interest that requires
24 decertification of the class.  As explained above, defendants rely on case law related to motions to
25 disqualify, some related to the class action context, to argue that this Court must decertify this action.
26 At the same time, defendants argue that they do not seek to disqualify class counsel, and concede that
27 class counsel would be able to continue representation of Andrews Farms individually in this action.
28 Defendants have not have it both ways.  The Court will not consider defendants' disqualification

arguments, and will apply only the standards of Fed. R. Civ. P. 23 to these decertification motions.

To determine, for class certification purposes, whether representative parties will protect the interests of the class fairly and adequately, the Court asks whether the representative plaintiffs and their counsel have any conflicts of interest with other class members and whether representative plaintiffs and their counsel will prosecute the action vigorously on behalf of the class. *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003); *In re Mego Financial Corp. Securities Litig.*, 213 F.3d 454 (9th Cir. 2000) (same). Because this is a Fed. R. Civ. P. 23 inquiry, the burden rests on class counsel to establish that the representation of the class will be adequate, and that class counsel will prosecute the action vigorously.

The adequacy of representation requirement "is often more difficult to resolve" than the other Fed. R. Civ. P. 23(a) requirements, because "whenever certain named persons purport to represent others without their knowledge or consent, the court must be assured that the named parties are qualified and capable of fully pursuing the common goals of the class without...conflicts of interests. That requires competent and experienced counsel able to conduct the litigation.*" Eggleston v. Chicago Journeyman Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981), *cert. denied sub nom. Joint Apprenticeship Comm. Local No. 130, U.A. v. Eggleston*, 455 U.S. 1017 (1982). In addition, even though plaintiff bears the burden of proof to establish each element:

> it is often defendant, preferring not to be successfully sued by anyone, who supposedly undertakes to assist the court in determining whether a putative class should be certified. When it comes, for instance, to determining whether 'the representative parties will fairly and adequately protect the interests of the class,' or the plaintiffs' ability to finance the litigation, it is a bit like permitting a fox, although with a pious countenance, to take charge of the chicken house.

*Id*. at 865.

With respect to the qualifications of counsel, this Court will take into account any prior failure to proceed in the best interests of putative class in litigation as well as counsel's general qualifications. *Sullivan v. Chase Inv. Servs. of Boston, Inc.*, 79 F.R.D. 246, 258 (N.D. Cal. 1979). Defendants have failed to establish that class counsel has failed to proceed in the best interests of the putative class in this litigation. Although class counsel initially proposed a broad class definition, class counsel declined two opportunities to propose sub-classes, and has continued to represent the narrower definitions of the class as certified in this Court's orders on class certification. Class counsel dismissed Mr. Palla from this

1  action after he no longer fit the class definition as certified. Although class counsel could have been
2  more diligent in Mr. Palla's dismissal, this Court finds that the delayed dismissal does not require a
3  finding that class counsel is inadequate. *See, Id.* ("Counsel's failure to move to amend the complaint in
4  a timely fashion before class certification concerns the Court, but overall, the Court is satisfied that
5  counsel will be diligent and competent in their representation of any class.").

6  Defendants insist that decertification of the class is required because in its Amended Class Cert.
7  Order, this Court found an irreconcilable conflict of interest existed between former board members and
8  non-board members. Thus, defendants rely on this Court's Amended Class Cert. Order to support their
9  allegation that class counsel impermissibly represented clients with conflicts of interest. Defendants fail
10 to cite a single case, however, in which a court granted decertification of a class based on a court order
11 to narrow a proposed class definition. No rule cited by defendants requires automatic decertification of
12 a class based on this Court's ruling. Rather, as this Court has noted in its previous class certification
13 orders, the proper procedure is allow plaintiff to propose subclasses. "Ordinarily, if a court discerns a
14 conflict like the one in this case, the proper solution is to create subclasses of persons whose interests
15 are in accord." *Payne v. Travenol Labs., Inc.,* 673 F.2d 798, 812 (5th Cir. 1982). Plaintiff then bears the
16 bear "to submit proposals to the court" regarding subclasses, which this Court evaluates. *Hawkins v.*
17 *Comparet-Cassani*, 251 F.3d 1230, 1239 (9th Cir. 2001) (quoting *United States Parole Comm. v.*
18 *Geraghty*, 445 U.S. 388, 408 (1980)). These cases do not require decertification because the class
19 counsel represented a broader class in the proposed certification motion. Indeed, after denying class
20 certification, a district court must give the representative of the plaintiff an opportunity to propose
21 subclasses, even for those classes that have conflicts of interest. *Geraghty*, 445 U.S. at 408; *see also*,
22 Fed. R. Civ. P. 23(c)(4),(5), and (d).

23 Because class actions are unique, "the traditional rules that have developed in the course of
24 attorneys' representation of the interests of clients outside of the class action context should not be
25 mechanically applied to the problems that arise in the settlement of class action litigation." *In re Agent*
26 *Orange Prod. Liab. Liti*., 800 F.2d 14, 19 (2nd Cir. 1986). Class actions provide a particular problem
27 with respect to the rules on conflict because "the potential for conflicts in the course of representing
28 numerous class members is greatly enhanced." *In re Joint Eastern and Southern Dist. Asbestos Litig*.,

133 F.R.D. 425, 431 (S.D. NY 1990). Thus, "although automatic disqualification might promote the salutary ends of confidentiality and loyalty," the courts do not apply such rules automatically in a class action context, because automatic disqualification "would have a serious adverse effect on class actions." *In re Agent Orange*, 800 F.2d at 18. Accordingly, to determine whether class counsel will represent the interests of the class vigorously, the Court must employ "a balancing of the interests of the various groups of class members and of the interest of the public and the court in achieving a just and expeditious resolution of the dispute." *In re Joint Eastern and Southern Dist. Absestos Litig.*, 133 F.R.D. at 431 (quoting *In re Agent Orange*, 800 F.2d at 19).

Here, class counsel has submitted a declaration that he will defend vigorously the best interests of the class, notwithstanding his prior representation of Mr. Palla. Class counsel and Mr. Palla both declare that class counsel has discontinued representation of Mr. Palla, and that Mr. Palla knowingly consented to class counsel's continued representation of the class despite any alleged conflicts of interest. In addition, Mr. Palla knowingly consented to the counsel's use of confidential information, if any. Thus, concerns regarding class counsel's duties of loyalty and confidentiality are lessened. The Court further notes that the parties have only recently begun merits discovery in this matter. Although this case has been pending for more than 3 ½ years, the litigation is still in its initial stages. The class was only defined recently, and it was that definition as certified by this Court that gave rise to the instant motion. No notice has been sent out to potential class members, and no class members have been identified. Defendants have offered no evidence of harm to the class by continued representation by class counsel. *See In re Joint Eastern and Southern Dist. Asbestos*, 133 F.R.D. at 431 ("Mere appearance of impropriety without any evidence that trial will be tainted by attorney conduct is too slender a reed on which to rest disqualification order" based on purported conflict.). Because class counsel is familiar with the claims in this matter, and the evidence upon which those claims rest, has sufficient experience in class actions, and financial responsibility for this matter, this Court is satisfied that the interests of the class will be protected adequately by class counsel.

Moreover, even if there is a conflict with Mr. Palla and the class, the Court is "not then required to find [class counsel] inadequate to represent the class." *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1323-24 (11th Cir. 2008). "Only the most egregious misconduct on the part of the plaintiffs' lawyer

1  could ever arguably justify denial of class status." *Id.* (quoting *Halverson v. Convenient Food Mart, Inc.*,
2  458 F.2d 927, 932 (7th Cir. 1972); *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885 (5th Cir.
3  1968) (accord). "The ordinary remedy is disciplinary action against the lawyer and remedial notice to
4  class members, not denial of class certification." *Busby*, 513 F.3d at 1324.  In addition, the Court may
5  require class counsel to withdraw from one of the offending representations.  For example, in *Sullivan,*
6  *supra*, the Court had a "major concern" about class counsel's role in a parallel class action in which the
7  class counsel's clients had a conflict of interest.  To satisfy Fed. R. Civ. P. 23(a)(4), the Court required
8  class counsel to "completely withdraw" from the other class action. 79 F.R.D. at 258.  With this caveat,
9  the court found adequacy of representation even if counsel has represented clients with a conflict of
10 interest in a class action context.  Like the court in *Sullivan*, this Court finds that the withdrawal of
11 representation of Mr. Palla by class counsel is an adequate remedy to address the issue presented.

12       This Court finds that class counsel will "fairly and adequately represent the interests of the class"
13 to satisfy Fed. R. Civ. P. 23(a)(4) and Fed. R. Civ. P. 23(g)(4).  Accordingly, defendant's motions for
14 decertification are denied.

### CONCLUSION

16 For the foregoing reasons, this Court DENIES defendants' motions for decertification.

18 IT IS SO ORDERED.

19 **Dated:   August 23, 2010**               /s/ Lawrence J. O'Neill
                                               UNITED STATES DISTRICT JUDGE