IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREWS FARMS, *et al.*, | CASE NO. CV-F-07-0464 LJO SKO |
| Plaintiffs, | **ORDER ON MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL** |
| vs. | |
| CALCOT, LTD., *et al.* | |
| Defendants. | |

By notice filed on September 7, 2010, defendant Eadie and Payne, LLP ("Eadie") seeks to disqualify plaintiffs' counsel based upon a conflict of interest. Plaintiffs filed an opposition to the motion on September 29, 2010. Eadie filed a reply brief on October 6, 2010. Plaintiffs filed a sur-reply on October 8, 2010. Pursuant to Local Rule 230(g), this matter was submitted on the pleadings without oral argument and the hearing was vacated. Having considered the moving, the opposition and the reply papers, as well as the Court's file, the Court issues the following order.

## **BRIEF FACTUAL OVERVIEW**

In this class action, Eadie argues that plaintiffs' counsel has on three separate occasions attempted to represent class members whose interests have conflicted with one another. The purported conflicts arise from counsel's series of attempts to certify the class action. Eadie argues that the first conflict emerged when counsel sought to certify a class which included members who were both current and former members of defendant Calcot. This Court ruled that the putative class created a "conflict" in class members. The conflict arose because current members had a financial interest in protecting the cooperative's assets, an incentive which past members did not have. Eadie argues a second conflict arose, again during attempted class certification, when counsel sought to certify a class which included

potential class members who were both former Calcot board members -- including Greg Palla -- and non-board members. Eadie argues that counsel continued to represent parties with conflicting interests. The Court ultimately certified the class. In a subsequent motion to decertify, Eadie argued that a third conflict arose regarding named plaintiff Greg Palla which resulted in counsel dismissing Mr. Palla as a class member.

In this current motion, Eadie argues that counsel concurrently represents or represented clients with conflicting interest in violation of Rule of Professional Conduct 3-310(C).

## ANALYSIS AND DISCUSSION

### A.   Overview of Attorney Conflict of Interests

The District Court has the duty and responsibility to supervise the conduct of attorneys who appear before it. *Erickson v. Newmar Corp*., 87 F.3d 298, 301 (9th Cir.1996); *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir.1980) (same). Local Rule 180(e) provides that attorneys shall comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California; and in the absence of an applicable standard, the Model Code of Professional Responsibility of the American Bar Association ("ABA").

Trial courts have inherent power to disqualify counsel when necessary "for the furtherance of justice." *City & County of San Francisco v. Cobra Solutions, Inc.,* 38 Cal.4th 839, 846, 43 Cal.Rptr.3d 771, 775–776 (2006). Disqualification may be based on counsel's acceptance of employment adverse to a former client. Cal.Rules Prof. Responsibility 3–310(c). In pertinent part, Rule 3-310(C) states:

> "A member shall not, without the informed written consent of each client:
>
> (1) Accept representation of more than one client in a matter in which the interests of the client potentially conflict.
>
> (2) Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict.

When conflicting parties are simultaneously represented by the same attorney, "the primary value at stake is the attorneys' duty—and the client's legitimate expectation of loyalty, rather than confidentiality." *Flatt v. Superior Court*, 9 Cal. 4th 275, 283-284 (1994).

/////

2

**B.      Standing to Assert a Conflict of Interest**

Plaintiffs argue that Eadie lacks standing to move to disqualify counsel. Plaintiffs argue that Eadie is a nonclient and has brought this motion for tactical, disruptive reasons.

Generally, only a client or former client has standing to complain of a conflict of interest. In the context of a disqualification motion, the "majority view is that only a current or former client of an attorney has standing to complain of that attorney's representation of interests adverse to that current or former client." *Colyer v. Smith*, 50 F.Supp.2d 966, 969 (C.D.Cal. 1999). In the leading case on point, *In re Yarn Processing Patent Validity Litig.*, 530 F.2d 83, 88 (5th Cir.1976), the Fifth Circuit held that "[a]s a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." The Ninth has relied upon *In re Yarn Processing*. *See Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998) ("As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification"), *cert. denied,* 525 U.S. 967 (1998). "To allow an unauthorized surrogate to champion the rights of the former client would allow that surrogate to use the conflict rules for his own purposes where a genuine conflict might not really exist." *In re Yarn Processing*, 530 F.2d at 90. Several California District Courts have followed *In re Yarn Processing. See Colyer v. Smith*, 50 F.Supp.2d 966, 969; *Yee v. Capital Servs.*, 2006 WL 3050827 (N.D.Cal. 2006); *Canatella v. Stovitz*, 2004 WL 2648284 (N.D.Cal. 2004); *Decaview Dist. Co., Inc. v. Decaview Asia Corp.*, 2000 WL 1175583 (N.D.Cal. 2000). This District follows the *In re Yarn Processing* majority rule. *Simonca v. Mukasey*, 2008 WL 5113757 (E.D.Cal. 2008) (Damrell, J.).[1] *Accord Maeshack v. Avenal State Prison*, 2010 WL 582044 (E.D.Cal. 2010) (Ishii, J.). Thus, a nonclient, such as Eadie, lacks standing to disqualify counsel.

A nonclient may move for disqualification, however, "where the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims, she may have the constitutional standing needed to bring a motion to disqualify based on a third-party conflict of interest." *Coyler*, 50 F.Supp.2d at 971; *accord Simonca*,

---

[1] *Simonca* found *Colyer* and the other Northern District cases persuasive and applied the majority rule. *Simonca v. Mukasey*, 2008 WL 5113757, 4 (E.D.Cal. 2008)

3

2008 WL 5113757, 3-4 (defendants have not articulated any interest of their own which would be negatively impaired by counsel's continued representation of plaintiff in this case); *cf. Concat LP v. Unilever, PLC*, 350 F.Supp.2d 796, 818 (N.D. Cal. 2004) (plaintiff could raise per se disqualification issue where one of its shareholders was individually represented by defense counsel in same litigation). Another exception to the general rule against third-party standing may exist when the ethical violation is so "manifest and glaring" or "open and obvious" that it "confront[s] the court with a plain duty to act." *In re Yarn Processing*, 530 F.2d at 88-89.

Eadie argues that it has a stake in reaching a just and binding adjudication of the merits. Eadie argues it has standing because it is subject to future challenge from unnamed class members. Eadie relies upon *Moreno v. Autozone, Inc.*, 2007 WL 4287517, 15 (N.D.Cal.2007) for the proposition that a non-party may bring a motion to disqualify in a class action. Eadie argues that the unnamed class members may later challenge any resolution due to counsel's undisclosed conflict of interest.[2] (Doc. 302, Reply p.7.)

In *Moreno v. Autozone*, a defendant moved to disqualify plaintiff's class action counsel on the basis of conflict of interest. The class counsel concurrently represented class members in two separate class action suits against the same defendant in both suits. The attorneys represented class members in the first class action who had objected to and opposed settlement of that class action, and at the same time, represented class members in the second suit who were also class members in the first suit, but who had endorsed the settlement, and therefore had interests adverse to the objectors in the first suit. *Id.* At 5. In the second suit, counsel sought to represent putative class members, many of whom were class members of the first settlement class and wanted the settlement. Thus, counsel represented clients with an actual conflict of interest with the respect to the settlement of the class actions. In light of the different positions on settlement of counsel's competing clients, the Court found that the defendant had standing to assert disqualification because of the "serious ethical breaches" of concurrent representation, "tend to undermine the validity of these proceedings." *Moreno,* 2007 WL 4287517, *15. The court held that, "Prosecuting claims against the same defendant in different actions can create a conflict of interest

---

[2] Plaintiffs argue that the Court should not consider Eadie's standing argument because it was raised for the first time in Eadie's reply brief. This Court elects to consider Eadie's arguments to put this issue to rest.

4

for the attorneys, placing a class at risk that its interests will be compromised for the benefit of parties in another action." *Moreno v. Autozone*, Inc., 2007 WL 4287517, 15. Accordingly, the Court disqualified counsel from representing the putative class in the second action.

Here, this Court finds *Moreno v. Autozone* factually distinguishable. In *Moreno,* the conflicted attorney concurrently represented class members in one case, who were directly adverse in another case. Counsel simultaneously represented two different sets of clients who actively had adverse interests in the class actions, one who wanted settlement and another who did not. Here, none of counsel's clients are taking adverse positions to one another. No evidence is presented that Mr. Palla has an interest adverse to the remainder of the class. Eadie does not present evidence of conflicting interests, such as in *Moreno*.

Further, the Court also finds *Moreno* distinguishable on standing grounds. Standing requires that the party have personally suffered from an "injury in fact" which is causally related to the conduct in issue. *Simonca*, 2008 WL 5113757, 4, citing *Wilbur v. Locke*, 423 F.3d 1101, 1107 (9th Cir. 2005). The court must consider whether <u>defendants</u> have demonstrated an injury in fact, that they will endure, as opposed to an injury to <u>plaintiff</u>. *Id. Moreno* found that the defendant had standing to assert a conflict of interest because of the concurrent adverse positions of clients in the two class actions against defendant. This ethical breach was so manifest and open such that the Court had a duty to act.

Eadie has not shown how counsel's representation of the class detrimentally affects Eadie's interest in a just and fair determination of this case. Eadie argues the plaintiffs, the proposed class, will be harmed: "the unnamed class has never been apprized of, or consented to, the conflict of interest." (Doc. 302, Reply p.7.) Injury to <u>plaintiff</u>, however, is insufficient to confer standing on Eadie. *Simonca*, 2008 WL 5113757, 5. Eadie must show injury to itself as a result of any conflict of interest. The Court does not find that the "conflict" between former putative class member Palla and the class members is "manifest and glaring" ethical breach which "confronted the court with a plain duty to act." *In re Yarn Processing*, 530 F.2d at 88-89.

In an attempt to show it will be harmed, Eadie argues that it may be harmed from a later challenge by unnamed class members. A potential injury, however, of a speculative nature, does not carry Eadie's burden of an injury from any conflict. *See Simonca*, 2008 WL 5113757, 5. It is Eadie's

burden to substantiate an actual, particularized and immediate injury in fact. Eadie has failed to carry its burden and therefore, Eadie lacks standing to bring this motion.

**C.  Disqualification in the Class Action Context**

Because the Court finds Eadie lacks standing, the Court does not reach the other issues which would dispose of this motion. The decision to disqualify counsel for conflict of interest is within the trial court's discretion. *See Trone v. Smith*, 621 F.2d 994, 999 (9th Cir.1980). For instance, the Court does not reach whether Eadie erroneously equates a "conflict" among class members for purposes of class certification, with a "conflict" in attorney representation for purposes of the Rules of Professional Conduct.

The Court does not address whether this motion is brought for tactical purposes. *Optyl Eyewear Fashion Intern. Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (The cost and inconvenience to clients and the judicial system from misuse of the rules for tactical purposes is significant. Because of this potential for abuse, disqualification motions should be subjected to "particularly strict judicial scrutiny.") Courts generally discourage rigid application of disqualification rules in class action cases because of the nature of class representation and the importance of retaining counsel with the most experience on the case. *Sharp v. Next Entertainment, Inc.*, 163 Cal.App. 4th 410, 434, 78 Cal.Rptr.3d 37, 56 (2008) ("In the realm of class actions, the rules of disqualification cannot be applied so as to defeat the purpose of the class proceedings"). In particular, the Court does not address whether the interests of justice warrant disqualification of class counsel. Disqualification of class counsel may impose a significant hardship on plaintiffs, who will bear the burden of finding replacement counsel with the willingness, skill and knowledge of counsel. This litigation has been pending for three years, through hard-fought pleadings, discovery and law and motion practice. After a long battle, the class has been certified and trial is pending. The knowledge and experience gained by counsel during the pendency of this action is irreplaceable. "[W]e must be skeptical of the impetus and purpose of defendants' motion to disqualify the [firm] because it poses the very threat to the integrity of the judicial process that it purports to prevent." *Sharp v. Next Entertainment, Inc.*, 163 Cal.App.4th at 434. "[A]lthough automatic disqualification might promote the salutary ends of confidentiality and loyalty," the courts do not apply such rules automatically in a class action context, because automatic

disqualification "would have a serious adverse effect on class actions." *In re Agent Orange Prod. Liab. Liti*., 800 F.2d 14, 18-19 (2nd Cir. 1986).

## CONCLUSION

For the foregoing reasons, defendants' motion to disqualify plaintiff's counsel is DENIED.

IT IS SO ORDERED.

Dated:   October 13, 2010                    /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE