IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREWS FARMS, et al., | CASE NO. CV-F-07-0464 LJO JLT |
| Plaintiffs, | **ORDER FOR SUPPLEMENTAL BRIEFING** |
| vs. | |
| CALCOT, LTD., EADIE AND PAYNE, and ROBERT W. NORRIS, | |
| Defendants. / | |

This Court has read and reviewed Plaintiffs' Andrews Farms and others similarly situated (as certified) (collectively "Plaintiffs'") motion for preliminary approval of settlement in this class action suit. This motion is unopposed, as defendants Calcot, Ltd ("Calcot"), Eadie and Payne ("Eadie") and Robert W. Norris ("Mr. Norris") (collectively, "defendants') have each joined in this motion. The Court finds this motion suitable for a decision without a hearing and VACATES the July 11, 2011 hearing on this matter. **The Court notes, however, the following issues or concerns related to the preliminary approval of this class action settlement, and requests the parties to submit supplemental briefing to address these issues or concerns no later than July 13, 2011:**

*Named Representative Enhancement*

Class counsel requests a named representative enhancement of $27,500 for named plaintiff Johnny Andrews ("Mr. Andrews"). Defendants agreed not to oppose this request. The enhancement is to be paid from the Settlement Fund.

Mr. Andrews submits a declaration detailing the reasons for the request for an enhancement. One can measure the value of some of these reasons, including: (1) attendance at two full days of mediation (September 8, 2010 and February 23, 2011), including to and from Dos Palos, California to San Francisco for the mediation; (2) deposed for a day in Fresno, including travel, on February 24, 2009; (3) spending in excess of 12 hours discussing issues with counsel and staying abreast of developments; and (4) traveling at least once to Bakersfield to discuss the case. Mr. Andrews declares that he has incurred expenses in excess of $1200 related to travel and other expenses in this action.

Mr. Andrews also asks to be compensated because he has "reason to fear retaliation" due to his status as class representative. To support this assertion, he explains that his position as class representative has put a "wedge between his family," because his brother-in-law voiced his disagreement about pursuing this litigation and has stopped talking to Mr. Andrews. In addition, Mr. Andrews declares that on at least two dozen occasions, other individuals have come to him at public events and local eateries and questioned him in a critical fashion about why he is pursuing this litigation.

The Court requests the parties, or whichever party is in the best position to do so, to provide supplemental briefing or declarations to substantiate an award of $27,500 as a class representative enhancement. The parties shall address how the parties arrived at the sum of $27,500 and why this sum–rather than a lesser sum of approximately $10,000–would remunerate Mr. Andrews adequately.

### *Settlement Administrator Fees*

In the Settlement Agreement, the parties agreed to submit a binding agreement between Calcot and the Class Administrator and/or a binding quote consisting of a "not to exceed" amount for the cost of class administration. Pursuant to the agreement, the parties submitted a declaration from Jennifer Keough ("Ms. Keough"), Executive Vice President, Operations of GCG, Inc., the parties' stipulated class administrator. Ms. Keogh details the experience of GCG, Inc. Ms. Keogh specifies the activities she expects GCG, Inc. shall perform to administer the class settlement. She then concludes that the "not to exceed" amount for the cost of class administration is $250,000.

The "not to exceed" amount for the cost of class administration is not supported by Ms. Keough's declaration. For example, there is no mention of the estimated cost of the mailings, the estimated amount of mailing, the cost per hour and projected number of hours or the estimated about

of people who will work on the class settlement administration, or the estimated cost per project (i.e., estimated costs for maintaining the toll-free number or the website). Ms. Keough makes this estimate "[b]ased on the experience and expertise given the work GCG has been advised to date that it will undertake in this Settlement[.]" This is insufficient to support the Settlement Administrator Fees. Without this information, this Court cannot determine whether this amount is excessive. Accordingly, the parties are ordered to submit supplemental declarations to support this request and this amount.

### *Long Form Notice*

The Court has several issues with the Long Form Notice:

1. The first page of the Long Form Notice appears to have formatting issues and makes the bulleted points difficult to read. The parties shall resubmit this page in a reformatted version.

2. The Notice mentions (in Spanish) that the Notice is available in the Spanish language on the class action website. This Court orders the parties to submit a declaration the Spanish version of the Long Form Notice has been translated by a certified court interpreter and, other than language, shall not deviate from the Court-approved English version of the Long Form Notice.

3. The Long Form Notice should include the Toll-Free Number that Ms. Keough declares shall be maintained for the administration of this settlement.

IT IS SO ORDERED.

**Dated:   July 6, 2011            /s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE